IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>v.<br><br>CARLTON WILLIAMS,<br><br>*Defendant.* | Criminal No. 2:14-cr-30 - 1<br>Civil No. 2:20-cv-481<br><br>Hon. William S. Stickman IV |

**MEMORANDUM OPINION AND ORDER OF COURT**

WILLIAM S. STICKMAN IV, United States District Judge

Defendant Carlton Williams ("Williams") filed a motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (ECF No. 112), that is opposed by the United States of America (the "Government") (ECF No. 117). Williams claims his counsel was ineffective for failing to argue that he should not have been classified as a career offender under U.S.S.G. § 4B1.1 because, according to Williams, a federal conspiracy to distribute heroin conviction is not a Sentencing Guidelines predicate controlled substance offense. For the following reasons, the Court denies Williams' motion. There is no need for an evidentiary hearing because the record conclusively establishes that Williams is not entitled to relief.

**I.    FACTUAL AND PROCEDURAL HISTORY**

During an investigation that began as early as November 2012, a Drug Enforcement task force officer learned that Williams bought heroin in Detroit, Michigan, which he packaged and sold in Pittsburgh, Pennsylvania. A GPS tracker was placed on Williams' car and his movements were monitored for approximately one month. On January 11, 2013, data from the GPS tracker

1

indicated Williams' car was driven to Detroit. Upon its return to Pennsylvania, it was stopped by a Pennsylvania State Trooper for speeding. Williams consented to a search of his car, its contents, and his person. The trooper subsequently discovered thirty-nine grams of heroin in a sleeve covering the vehicle's parking brake lever. (ECF No. 107, pp. 27-28). Williams was arrested and charged with possession of heroin with intent to deliver, in violation of 21 U.S.C.§ 841(a)(1) and 841(b)(1)(C).

Williams filed a number of pretrial motions, including a motion to suppress evidence seized from his vehicle. The Honorable Terrence F. McVerry denied the suppression motion after a hearing, concluding that Williams voluntarily consented to the search and had not withdrawn his consent during the search. On May 11, 2016, Williams entered a conditional guilty plea to possession with intent to distribute heroin, preserving his right to appeal the denial of his suppression motion and the application of the career offender designation to the calculation of his Sentencing Guidelines. (ECF No. 107, pp. 14-15, 18-19). The United States Probation Office prepared a PreSentence Investigation Report (PSR), which Judge McVerry adopted without change. The sentencing range calculation included U.S.S.G. § 4B1.1's career offender enhancement because Williams had two prior convictions for controlled substance offenses: a 2007 conviction for conspiracy to possess with intent to distribute heroin in violation of 21 U.S.C § 846; and, a 1998 conviction under 18 U.S.C. § 1962(c) and (d) of the Racketeer Influenced and Corrupt Organizations Act (RICO). As a result of the career offender enhancement, Williams faced a Guidelines sentencing range of 210-262 months. Williams argued that his RICO conviction should not be deemed a predicated offense, and, therefore, he should not be classified as a career offender. Judge McVerry disagreed and held Williams was properly classified as a career offender. (ECF No. 98; ECF No. 106, p. 12, 19-20). On August 19, 2016, Judge McVerry

granted Williams' request for a downward variance and sentenced him to a term of 160 months' imprisonment. (ECF No. 106, pp. 15, 31).

On September 2, 2016, Williams gave Notice that he was appealing to the Third Circuit Court of Appeals. (ECF No. 102). At Court of Appeals Docket No. 16-3547, Williams challenged the denial of his suppression motion and Judge McVerry's application of the Guidelines' career offender designation arguing that his 1998 RICO conviction was not a requisite "controlled substance offense." By August 1, 2018 Opinion, a three-judge panel of the United States Court of Appeals for the Third Circuit (Hardiman, Roth and Fisher), affirmed the judgment of Judge McVerry entered on August 19, 2016. A mandate was then filed by the Third Circuit on November 6, 2018. Williams' filed a Petition for Writ of Certiorari with the United States Supreme Court on January 25, 2019, and it was denied on March 18, 2019.

Williams' present motion was docketed as filed on April 2, 2020. (ECF No. 112). The envelope in which it was mailed was postmarked March 31, 2020, which corresponds with the date Williams' signed the Certificate of Service to his motion. (ECF No. 112). The Court, upon receipt of the motion, issued a Notice and Order of Court, notifying Williams that he had to elect one of the three options to proceed in light of *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999). (ECF No. 114). Williams notified the Court that he wanted the motion as filed ruled upon by the Court. (ECF No. 115). The Government then filed a timely Response to Williams' motion. (ECF No. 117).

## II.   STANDARD OF REVIEW

A federal prisoner may move to vacate his sentence under 28 U.S.C. § 2255 if it "was imposed in violation of the Constitution or laws of the United States." 18 U.S.C. § 2255(a). As a collateral challenge, a motion under § 2255 is "reviewed much less favorably than a direct appeal

of sentence." *United States v. Travillion*, 759 F.3d 281, 288 (3d Cir. 2014). Relief under § 2255 "is available only when 'the claimed error of law was a fundamental defect which inherently results in a complete miscarriage of justice, and ... present[s] exceptional circumstances where the need for the remedy afforded by the writ ... is apparent.'" *Id.* (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)).

A district court must order an evidentiary hearing for a § 2255 motion if a defendant's allegations raise an issue of material fact. *United States v. Biberfeld*, 957 F.2d 98, 102 (3d Cir. 1992). If there is "no legally cognizable claim or the factual matters raised by the motion may be susceptible of resolution through the district judge's review of the motion and records in the case," the motion may be denied without a hearing." *United States v. Costanzo*, 625 F.2d 465, 470 (3d. Cir. 1980). *See also United States v. Tolliver,* 800 F.3d 138, 140-41 (3d Cir. 2015). In determining whether an evidentiary hearing is required, "the court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." *United States v. Booth*, 432 F.3d 542, 545 (3d Cir. 2005) (citation omitted).

### III.   ANALYSIS

Having thoroughly reviewed this matter, the Court holds that an evidentiary hearing is not warranted. There are two reasons to deny Williams' § 2255 motion. First, his motion is statutorily time-barred. Second, assuming the motion was timely filed, Williams has not made a prima facie showing that counsel was ineffective because a federal conviction for conspiracy to distribute heroin, like Williams' 2007 conviction, qualifies as a career offender predicate controlled substance offense under U.S.S.G. § 4B1.2(b).

### A. Untimeliness of Motion

A motion by a federal prisoner for postconviction relief under 28 U.S.C. § 2255 is subject to a one-year time limitation that generally runs from "the date on which the judgment of conviction becomes final." Here, the United States Supreme Court denied Williams' petition for writ of certiorari on March 18, 2019. Thus, Williams' conviction became final on that date. *Clay v. United States*, 537 U.S. 522, 527 (2003) ("Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."). Williams' § 2255 motion was docketed as filed on April 2, 2020. His certificate of service to the motion was dated March 31, 2020, and his motion was postmarked March 31, 2020.[1] (ECF No. 112). There is no evidence in the record that Williams gave his motion to prison authorities for mailing prior to March 31, 2020. The Government believes it significant that Williams was admittedly drafting his motion in September of 2019, well before March of 2020, and that he has not offered any reason for his untimely filing.

Williams' § 2255 motion should have been filed on or before March 18, 2020, and it was not. Based on the evidence of record, the Court holds that the motion must be dismissed as statutorily time-barred.

### B. Counsel Was Not Ineffective

Even if the Court were to afford Williams the benefit of timely filing his § 2255 motion, it must be denied as it fails on a substantive basis. According to Williams, his counsel was ineffective for failing to argue that his 2007 federal conviction for conspiracy to distribute heroin

---

[1] Under the prison mailbox rule, "a *pro se* prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing...." *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998). This rule was created because "*pro se* prisoners have no control over delays between the prison authorities' receipt of the notice and its filing, and their lack of freedom bars them from delivering the notice to the court clerk personally." *Houston v. Lack*, 487 U.S. 266, 273-274 (1988).

was not a career predicate controlled substance offense under the Sentencing Guidelines. This claim is facially meritless.

In order to prevail on his ineffective assistance of counsel claim, Williams must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). First, he "must show that counsel's performance was deficient." *Id.* at 687. This requires proof that counsel's performance fell below an objective standard of reasonableness under the prevailing professional norms. *Id.* at 688. This assessment begins with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The Court's scrutiny of counsel's performance is highly deferential and is made without using the benefit of hindsight to second-guess tactical decisions made by counsel unless they are unreasonable. *Id.* at 689-90. Second, Williams must show that the deficient performance prejudiced the defense by demonstrating that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 687, 694. Both prongs must be established for a valid claim of constitutionally ineffective assistance of counsel. *Id.* at 700. "Surmounting *Strickland's* high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010).

Under the Sentencing Guidelines, a defendant must be sentenced as a "career offender" if: (1) he was at least eighteen years old when he committed the instant offense of conviction; (2) the instant offense is a felony crime of violence or controlled substance offense; and (3) he has at least two prior felony convictions for a crime of violence or controlled substance offense. U.S.S.G. § 4B1.1(a). There was no dispute that Williams' offense – possession with intent to distribute heroin in violation of §§ 841(a)(1) and 841(b)(1)(C) – was a controlled substance offense. Nor was there any doubt that Williams was at least eighteen years old when he committed the offense. The Third Circuit agreed with Government and Judge McVerry and affirmed Judge McVerry's holding that

Williams' 1998 RICO conviction supplied one of the two required felony convictions. At the time of sentencing, the parties agreed that Williams' 2007 conviction for conspiracy to possess with intent to distribute less than a hundred grams of heroin at Crim. No. 07-153 supplied the second felony offense. Now, Williams faults counsel for not arguing that the 2007 conviction was not a predicate controlled substance offense.

> A career predicate "controlled substance offense" under U.S.S.G. § 4B1.2(b) is defined as:
>
> [a]n offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or counterfeit substance) or the possession of a controlled substance (or counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b). Note 1 to this section states "'controlled substance offense' include the offenses of aiding and abetting, conspiring, and attempting to commit such offenses." *Id.* at Application Note 1. There is absolutely no question that Williams' 2007 conviction for conspiracy to possess with intent to distribute was properly categorized as a predicate controlled substance offense under U.S.S.G. § 4B1.2(b). That was the law at the time of his sentencing in the Third Circuit, and it remains the law in the Third Circuit. *See e.g.*, *United States v. Hightower*, 25 F.3d 182, 187 (3d Cir. 1994) ("the commentary's expansion of the definition of a controlled substance offense to include inchoate offenses is not 'inconsistent with, or a plainly erroneous reading of' § 4B1.2(2) of the Sentencing Guidelines, and that it does not "violate[ ] the Constitution or a federal statute."). It matters not that other Circuit Courts of Appeals may have held differently on this issue at the time of Williams' sentencing or now.

Williams has not plead even a facial plausibility that his counsel provided ineffective assistance. Counsel was not required to argue against standing Third Circuit jurisprudence. Based on the state of the law, it was more than reasonable for counsel to agree with the Government and

7

Judge McVerry that Williams' 2007 conviction for conspiracy to possess with intent to distribute heroin was as a predicate controlled substance offense under U.S.S.G. § 4B1.2(b). As it was, counsel challenged the career offender enhancement on other grounds – the RICO predicate offense. Counsel's approach was reasonable, and not constitutionally deficient. Williams' ineffective assistance of counsel claim is meritless, and it is not possible to conclude that counsel's approach prejudiced Williams' within the meaning of *Strickland*.

## IV.   CONCLUSION

Williams' § 2255 motion is statutorily time-barred, and his ineffectiveness claim lacks merit. The motion (ECF No. 112) is denied, with prejudice. Moreover, the Court concludes that Williams has failed to make a substantial showing of the denial of a constitutional right and he is not entitled to a certificate of appealability.[2] An appropriate order follows.

## ORDER OF COURT

AND NOW, this 6th day of July 2020, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion to Vacate, Set Aside or Correct Sentence (ECF No. 112) is DENIED, and no certificate of appealability shall issue.

BY THE COURT:

_____
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

---

[2] Pursuant to 28 U.S.C. § 2253(c)(2), a "certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right."